**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| NEW CENTURY FOUNDATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 24-1612 (SLS) |
| THE UNITED STATES SMALL BUSINESS | ) |
| ADMINISTRATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S NOTICE OF *ERRATUM***

Plaintiff submits herewith two corrected pages for inclusion with its Opposition to Defendants' Cross-Motion for Summary Judgment and Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment, ECF 28, 29, filed with this Court on January 27, 2025.

Plaintiff's Substitute Page 13 deletes the phrase "Defendants' Cross-Motion at __" at lines 10-11 of the original Page 13, and substitutes the phrase "Defendants' Memorandum" for the phrase "its Cross-Motion" at line 12 of the original Page 13.

Plaintiff's Substitute Page 14 deletes the phrase "Defendants' Cross-Motion at __" appearing at line 17 of the original Page 14.

Dated: January 28, 2025

/s/ Charles H. Kennedy
CHARLES H. KENNEDY
D.C. Bar No. 461636
THE KENNEDY PRIVACY LAW FIRM
1050 30TH Street, NW
Washington, DC 20007
(202) 450-0708
ckennedy@kennedyonprivacy.com
*Counsel for Plaintiff*

**Substitute Page 13 to ECF 28, 29, Civil Action No. 24-1612 (SLS)**

    **C.    There Is no Support for SBA's Claim that NCF Applies its Editorial Views to Hiring Decisions**

Defendant claims that NCF "applies the foregoing beliefs specifically in the context of making hiring decisions." In the millions of words in the NCF online archive there is not one sentence—not one fragment of a sentence—to support this bald assertion. In fact, as discussed earlier, NCF has made no hiring decisions during the relevant time, and SBA has not cited a single instance in which NCF took action against an employee or job applicant on the basis of race.

In this connection, the AJ simply ignored, and SBA now makes light of, the fact that NCF had a Hispanic employee – Martin Rojas -- during the course of its SBA loan. Although the AJ's Orders do not even mention the evidence NCF presented concerning Mr. Rojas, SBA now devotes *six pages* of Defendants' Memorandum to: (1) questioning whether Mr. Rojas ever worked for NCF; (2) questioning whether Mr. Rojas was in fact non-white; (3) and arguing that Mr. Rojas's employment with NCF does not matter because a discriminatory employer might hire a smattering of non-whites for various purposes, including as a "cover" for a general policy of discrimination. SBA takes NCF to task for not providing the AJ with stronger evidence of Mr. Rojas's existence and employment with NCF. Defendants' Memorandum, ECF 26, 27 at 18-23.

If SBA wanted additional proof of Mr. Rojas's existence or role at NCF, it had ample opportunity to ask during the proceedings before the AJ, and NCF gladly would have responded. SBA did not raise these concerns with NCF because it never conducted the compliance investigation mandated by the statute and its own regulations, and never made the required attempt to confer with NCF and find an informal resolution to SBA's supposed concerns. 42 U.S.C. § 2000d-1; 13 C.F.R. §§ 112.10(d)(1), 113.6(d)(1); *see Alexander v. Sandoval,* 532 U.

**Substitute Page 14 to ECF 28, 29, Civil Action No. 24-1612 (SLS)**

275, 289-292 (2001). Having ignored the law in its dealings with NCF, SBA cannot now complain that it lacks information as to Mr. Rojas's employment or any other matter.

Finally, Defendants make much of the fact that if NCF employed a Hispanic it was only one, as if Mr. Rojas were lost in a sea of white employees. Defendants' Memorandum, ECF 26, 27 at 20. As NCF pointed out in the proceedings before the AJ, NCF has never had more than four employees, so Mr. Rojas accounted for 25 percent of the foundation staff and was a central participant in all decision-making. AR No. 3. Again, NCF would have explained all of this to SBA if given the opportunity.

SBA's entire extended discussion of Mr. Rojas's employment should be an embarrassment to the government. NCF urges the Court to disregard it.

I. **SBA'S DENIAL OF LOAN FORGIVENESS PUNISHES SPEECH PROTECTED BY THE FIRST AMENDMENT**

SBA devotes a full six pages of its Cross-Motion to statements excerpted from NCF's website, all of which SBA cites as proof that NCF regards non-whites as inferior and contends that the races must be separated.

As discussed above, these characterizations of NCF's views are inaccurate and ignore other statements that negate those characterizations.

More importantly, SBA bases its entire employment discrimination claim on those excerpts from NCF's website, which unquestionably are speech protected under the First Amendment to the United States Constitution. A clearer case of a purported offense based *solely* upon protected speech cannot be imagined.

In support of its reliance upon NCF's protected statements of fact and opinion, SBA argues that protected speech is sometimes admissible as evidence of a crime or offense. Defendant's Memorandum, ECF 26, 27 at 23. However, all of the decisions it cites for this